## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

PHYLLIS BANNISH,         )    Case No.:_____

                        )

Plaintiff,              )

                        )

v.                    )

                        )

INGLES MARKET, INC.,     )

                        )

Defendant._____)

## COMPLAINT

The Plaintiff, Phyllis Bannish, being duly sworn, alleges and says as follows:

## I.
## JURISDICTIONAL STATEMENT AND PARTIES

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42, U.S.C. Sections 1981 et seq.

2. Venue is proper under 28 U.S.C. Section 1391 (b) and 42 U.S.C. Section 2000(e)(3), as the alleged unlawful employment practices were committed within Transylvania County, North Carolina.

3. Plaintiff, Phyllis Bannish (hereinafter "Bannish" or "Plaintiff"), is a female citizen of the United States and a resident of Henderson County, North Carolina, and has so resided at the times material hereto. Plaintiff's address is 1145 Pleasant Grove Road, Hendersonville, North Carolina 28739.

4. Defendant Ingles, Inc. (hereinafter "Ingles" or "Defendant"), is a corporation doing business in Transylvania County, North Carolina, at the times material hereto. Defendant's address is 684 N. Broad Street, Brevard, North Carolina 28712. Ingles is an American chain of supermarkets situated in North Carolina.

5. Plaintiff became an employee of Defendant on or about March 2015.

## II.
## CONDITIONS PRECEDENT AND NATURE OF CASE

6. Plaintiff has satisfied all conditions precedent. Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about 11/17/2016; EEOC Charge No.: 430-2017-00316. A copy of said Charge is attached to this Complaint.

7. The EEOC provided the Plaintiff with the attached "Notice of Right to Sue" letter on October 23rd, 2019. Plaintiff received said letter on Saturday, October 26th, 2019. A copy of said Notice is attached to this Complaint.

8. Plaintiff sought employment or was employed by Defendant on or about March – April 2015, at Defendant's store located at 684 N. Broad Street, Brevard, North Carolina 28712.

9. The discriminatory acts that are the basis of this suit are:

   a. Sexual harassment; and

   b. Retaliatory termination of my employment.

10. Defendant's conduct is discriminatory with respect to my sex.

11. Plaintiff believes Defendant is still committing this acts against other females.

## III.
## STATEMENT OF FACTS

12. Plaintiff is a Caucasian female.

13. Plaintiff was born on August 14th, 1965.

14. Plaintiff began her employment with Defendant on or about March 2015.

15. Plaintiff worked for Defendant initially as a cashier.

16. Plaintiff received positive evaluations, promotions and raises during her employment. Plaintiff was promoted three times within her first year working for Defendant.

17. Soon after Plaintiff began working for Defendant, she was promoted to Customer Service Manager.

18. Mr. Jeremy Douglas (hereinafter "Douglas") is an assistant store manager of Defendant's Brevard, North Carolina, location where Plaintiff worked.

19. Plaintiff worked with Douglas.

20. While Plaintiff was at work, Douglas, on various occasions, would tell Plaintiff "I want to get me some of that", referring to his desire to have sexual intercourse with Plaintiff.

21. While Plaintiff was at work, Douglas rubbed Plaintiff's shoulders, without Plaintiff's permission, and this made Plaintiff feel very uncomfortable.

22. While Plaintiff was at work, Douglas would stand beside Plaintiff, at her register, and rub his penis through his pants for Plaintiff to see. This occurred several times on several different dates.

23. On various occasions, Plaintiff would enter the employees' front office and when it was only she and Douglas, Douglas would sit with his legs spread and would rub his penis through his pants for Plaintiff to see.

24. On occasions when Plaintiff needed assistance while working at a register, Douglas would report to help her. Douglas would come up behind Plaintiff and would place the front of his pants on Plaintiff's butt so that she could feel his penis. Douglas would "sandwich" Plaintiff between Douglas and the register while doing an override.

25. On occasions, Douglas would assist Plaintiff by scanning items. Douglas would reach for items next to Plaintiff and would rub his arms on and across Plaintiff's breasts.

26. Plaintiff informed her supervisor, Ms. Dorene Bolt (hereinafter "Bolt"), of Douglas's conduct.

27. Bolt informed Plaintiff, "it is the good-old-boy mentality and if you report this you will get fired and their lawyers would eat you alive".

28. Plaintiff was promoted to scan coordinator and received a raise and an office workstation.

29. There were several times when Plaintiff would be sitting in her new office workstation and Douglas would approach her while rubbing his penis through his pants for Plaintiff to see.

30. On one occasion, Douglas told Plaintiff, "I'm going to get me some of that." Plaintiff's husband, Mr. Donald Bannish, heard this remark and became angry.

31. On Plaintiff's day off, Plaintiff reported Douglas's conduct to Defendant's store manager, Phillip Jarrett ("hereinafter "Jarrett").

32. Jarrett then told Plaintiff, "okay, I guess you do not work here anymore".

33. Plaintiff's employment with Defendant was terminated.

## FIRST CAUSE OF ACTION
### (Gender Discrimination)

34. The Plaintiff incorporates by reference hereto Paragraphs 1 through 33 of this Complaint.

35. The Defendant subjected Plaintiff to disparate terms and conditions of employment, a hostile work environment, refusal to address the discrimination, although it had the obligation, opportunity, and means to do so, and terminated Plaintiff's employment because of her gender, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

36. As a direct and proximate result of the Defendant's actions, Plaintiff suffered pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Plaintiff sustained, as a direct and proximate result of Defendant's actions, damages in the form of humiliation, loss of reputation and professional standing, emotional distress and anxiety. Accordingly, Plaintiff is entitled to compensatory damages in an amount to be proved at trial in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION
### (Retaliation)

37. The Plaintiff incorporates by reference hereto Paragraphs 1 through 36 of this Complaint.

38. The Defendant terminated Plaintiff's employment and has subject her to disparate terms and conditions of employment all in retaliation for her complaints about unlawful employment practices and for her participation in activities protected by Title VII of the Civil Rights Act of 1964, as amended. Such actions, when

viewed by a reasonable employee, were materially adverse in that Defendant's
actions would dissuade any reasonable worker from making or supporting a
complaint of employee discrimination.

39. As a direct and proximate result of Defendant's actions, Plaintiff suffers, and
continues to suffer, present and future pecuniary losses, including, but not limited
to, loss of wages, bonuses and other benefits.  In addition, Plaintiff has sustained,
as a direct and proximate result of Defendant's actions, damages in the form of
emotional distress, including, but not limited to, the physical symptoms of stress,
humiliation, loss of professional reputation and standing, and anxiety and
depression.  Accordingly, Plaintiff is entitled to compensatory damages in an
amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

40. The Defendant's retaliatory treatment of Plaintiff was a willful and intentional act
that was committed with malice and/or a reckless indifference to Plaintiff's
federally-protected rights.  Accordingly, Plaintiff is entitled to have and recover
of the Defendant punitive damages in the amount in excess of Seventy-Five
Thousand Dollars ($75,000.00).

### THIRD CAUSE OF ACTION
**(Intentional, or in the Alternative, Negligent Infliction of Emotional Distress)**

41. The Plaintiff incorporates by reference hereto Paragraphs 1 through 40 of this
Complaint.

42. The conduct of Defendant as herein set out was done with the intention of causing
Plaintiff emotional distress, embarrassment, and humiliation, and/or was done
with reckless indifference to the likelihood that emotional distress,

embarrassment, and humiliation might result; said conduct was willful and wanton and in reckless disregard of Plaintiff's rights as a human being.

43. As a direct and proximate result of the outrageous conduct and actions of Defendant, Plaintiff has suffered mental anguish, distress, anxiety and embarrassment.

44. As a direct result of this negligent infliction of emotional distress, Plaintiff has been damaged in an amount in excess of $25,000.00, for which Defendant is liable.

45. That the acts and conduct on the part of Defendant were willful and wanton and in gross and reckless disregard of the rights of Plaintiff, and as such, Plaintiff is entitled to punitive damages in an amount in excess of $25,000.00.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Order the Defendant to make the Plaintiff whole by providing her with compensatory damages in an amount to be proved at trial for the loss of present and future wages, retirement and other employment benefits under federal and state law.

B. Order the Defendant to pay the Plaintiff damages in an amount equal to those amounts awarded to her as pecuniary damages as provide by Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination.

C. Order the Defendant to pay the Plaintiff punitive damages as provide under state law.

D.  Award Plaintiff her reasonable costs and attorney fees incurred in this action.

E.  Grant such further and different relief to the Plaintiff, as the Court deems

necessary and proper under the circumstances.

V.

**JURY TRIAL DEMANDED**

The Plaintiff demands a jury trial regarding the matters alleged herein.

Brentley D. Cronquist
NC State Bar # 49659
Attorney for Plaintiff
The Neumann Law Firm, PLLC
9 Park Place West, Ste. 102
Brevard, NC 28712
Phone: (828) 884-6575
Fax: (828) 884-6636
bcronquist@brevardnclaw.com

STATE OF NORTH CAROLINA     )
                                    )
TRANSYLVANIA COUNTY      )     VERIFICATION
                                    )
_____)

        PHYLLIS BANNISH, being duly sworn, deposes and says:

        She is the Plaintiff in the foregoing civil action, that she has read the Complaint filed in this matter, that the allegations contained in the Complaint are true and are based upon her own knowledge and belief, and as to those matters and things sated in the Complaint upon information and belief, she believes them to be true.

        This is the ~~13th~~ 16th day of January, 2020.

                                 Phyllis Bannish

SWORN to and subscribed before me
This the 16th day of January, 2020.

Maggie S Blackwell
Notary Public
My commission expires: 2|1|2022